Loring, J.,
delivered the opinion of the Court.
The petitioner was a citizen of the United States established in Guatemala, and he alleges that on the 6th of February, 1830, Mr. Charles Savage, who was then the only accredited agent of the United States in Guatemala, committed to him the records, archives, and pub *171 lie property of the United States, which, since the departure of the American minister, had been in Mr. Charles Savage’s custody.
That the petitioner had charge of the archives and records of the legation, acted as charge des affaires, and corresponded with the Department of State at Washington, informing them of political occurrences in Central America, and thus performed the diplomatic duties of the post he provisionally occupied till the arrival of Mr. DeWitt, charge des affaires of the United States, on the 6th November, 1833; that the performance of these services was beneficial to the United States, and attended with labor and cost to himself.
That on the 26th of March, 1842, the Hon. W. S. Murphy, then special and confidential agent of the United States at Guatemala, was obliged to leave the country on account of his ill health, when the archives of the legation were, by Mr. Murphy, committed again to the custody of the petitioner, and he was requested to correspond with the Secretary of State, and keep him informed of the political condition of the republic of Central America, and otherwise perform the duties of a diplomatic agent near that republic; that he, the petitioner, undertook and performed these services until the 17th of November, 1848, when the Hon. Henry White arrived in Guatemala as chargé des affaires of the United States.
That on the 19th of June, 1849, Mr. Hite left Guatemala, and committed to the petitioner the records and archives of the legation, and requested him to perform all the services he had formerly rendered, and these the petitioner performed until the’26th of January, 1855.
Thus, at various times, the petitioner performed these services, diplomatic in their nature, and in the absence of the accredited officers of the United States, for about sixteen years; and during this time he alleges a considerable portion of the house he occupied, and for which he paid a rent of seven hundred dollars, was set apart for keeping the records and archives of the legation and the transaction of its business, and he annexes a bill of items of expenditure for postage, money paid destitute American seamen, &c., of $315.
The particular services rendered are not specified in the petition or evidence, and perhaps, from the nature of the employment, they could not be, to any effect of showing their value or proper compensation, item by item. That services of the kind were rendered is shown by a letter of Mr. Marcy, Secretary of State, dated February 13, 1854, and in which he says that Mr. Savage, in the absence of the charge des affaires of the United States, corresponded with the department, *172 and assumed the functions of that agent, at the various times claimed; and he also adds, that the information communicated has always been interesting and important, and to his own he adds the testimony of Mr. Buchanan when Secretary of State, that the communications of Mr. Savage “had furnished the department with most acceptable information upon the subject of Central American affairs;” and Mr. Marcy then adds : “In view of these facts and of the services rendered by Mr. Savage to the interests of the United States, and of their citizens, the department, though not prepared to recommend that these services should be remunerated at the rate of cliargé’s salary, is still of the opinion that an allowance, at the rate of $1,500 or $2,000 per annum, might, with entire propriety, be made for Mr. Savage’s diplomatic services during the several periods he has been in actual correspondence with the government of Guatemala and with this department.
Mr. Leonard Shaw for the claimant.
Mr. Kerr, Deputy Solicito)-, for the government.
It also appears that in 1854 a bill was reported by the Committee on Foreign Affairs of the Senate to pay Mr. Savage fourteen thousand dollars for fourteen years’ services, but was not acted on before the case was referred to this court.
It also appears that the Committee on Foreign Affairs of the House of Representatives reported, as an amendment to the appropriation bill, for the payment to Henry Savage at the rate of $1,500 per annum for diplomatic services, &c.
The letter of Mr. Marcy is official, and addressed to Mr. Bayly, the chairman of the Committee on Foreign Relations in the House of Representatives, and purports to be a reply to a letter from him on the subject. It was, with the other documentary evidence, admitted at the hearing here, and such official documents have always been received here as legal testimony, and as efficient as the depositions of the officers if they had stated the same things, W.e think, therefore, the service stated by Mr. Marcy proved from the records of the department, and that his opinion of the proper rate of compensation is that of an expert. And on the whole case, we are of opinion that the petitioner is entitled to be paid at the rate of fifteen hundred dollars a year for fourteen years and five months of service, ($21,625,) and judgment is rendered for that amount.